PER CURIAM.
The defendant below appealed from a judgment of conviction of the crimes of robbery and assault with intent to commit robbery. Appellant contends the trial court committed error by admitting certain photographs into evidence, and by admitting certain evidence bearing on the identity of defendant. The latter consisted of testimony that a motel room key, found by the police in an automobile abandoned near the place of the offense was used by the police to open a motel room door, to establish that the key was for a motel room which had been rented to the defendant. On consideration of said contentions in light of the record and briefs we hold they are without merit.
Appellant argues that the photograph or photographs of a victim who was beaten were inflammatory. The items were relevant to issues presented and were admissible. Mardorff v. State, 1940, 143 Fla. 64, 196 So. 625. Moreover, as pointed out by the state, the admission thereof into evidence was not objected to by the defendant at trial on that ground, but on the ground that they were irrelevant to the only issue which there was stated to be, “who was responsible for the robbery and wounds suffered by the victims?” The other photographs admitted were police department pictures of certain individuals, including the defendant, from which the defendant was identified prior to trial. Before they were introduced, the numbers on those pictures were obliterated. They were not referred to in the evidence as mug shots. Prior to their introduction there had been presented, without objection, testimony that some two hundred such pictures had been examined at the police station, and that a photograph of the defendant had been identified among them. In view of the receipt of that evidence without objection, the introduction of the police photographs, if error, was not harmful error such as would require reversal. The sufficiency of the evidence of identification of the accused was a principal issue at the trial, and because of certain disguises worn by the perpetrators of the offenses the ability of the persons making the identification was questioned. The error claimed incident to the use of the police photographs is that from the nature thereof it could be inferred that the defendant had been guilty of other crimes or previously was in trouble with the police. However, because otherwise relevant, the admission of such evidence did not constitute reversible error, under the authority of Williams v. State, Fla.1959, 110 So.2d 654.
The contention of the appellant was that the use by the police of the motel key to open the door of a motel room, which had been rented to the defendant, amounted to an illegal search. We cannot agree. There was no search of the premises, nor was any evidence presented as a result of the use of the key to open the door, other than that the key found in the automobile abandoned near the site of the offense belonged to a motel room occupied by the defendant.
No reversible error having been demonstrated, the judgment is affirmed.